IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Carlton L. Bryant, | ) | C/A No.: 4:06-1893-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| David Crenshaw, Director, Anderson County Detention Center ("ACDC"); Arlette Jones, Lieutenant, ACDC; Nurse Hampton, ACDC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Carlton L. Bryant, was a pretrial detainee at the Anderson County Detention Center during the time of the matters alleged in his complaint. He initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendants did not provide proper and timely medical treatment with regard to his toothache.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should grant defendants' motion for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

summary judgment.[2] The Magistrate Judge opines that the facts alleged by plaintiff are plainly insufficient to state a constitutional claim under 42 U.S.C. § 1983. The Magistrate Judge further recommends that defendant Crenshaw is entitled to Eleventh Amendment Immunity in his official capacity; defendants Crenshaw and Jones, as supervisory officials, cannot be held liable under the doctrine of respondeat superior; and all defendants are entitled to qualified immunity in their individual capacities. Finally, the Magistrate Judge concludes that the plaintiff fails to state a cause of action under § 1983 concerning the inmate grievance procedure. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 1, 2007. He did not filed timely objections[3] to the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff did respond to the motion.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

defendants' motion for summary judgment is granted in its entirety.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 20, 2007
Columbia, South Carolina

                                          Joseph F. Anderson, Jr.
                                          United States District Judge